The plaintiff, John Doe, appeals from a Superior Court judgment affirming the Sex Offender Registry Board's (SORB or board) classification of Doe as a level two sex offender. Doe challenges his classification on multiple grounds explained below. We affirm.
Background. In August, 1988, Doe was convicted of two counts of indecent assault and battery on a child under the age of fourteen. Doe, who was forty-one years old at the time, sexually assaulted the two boys he was babysitting behind a church in Chelsea. The boys were seven and eight years old.
Doe was sentenced to two and one-half years of incarceration with eighteen months to serve and the balance suspended with probation until February 23, 1991.
While still on probation, in September, 1990, Doe assaulted a thirteen year old boy. The boy was bicycling with his younger brother, and as they came out of a wooded area, Doe grabbed the boy and dragged him back into the woods. Doe hit the boy in the chest, pulled down his pants and underwear, and touched his "front and rear private area." The boy escaped after hitting Doe in the stomach, while Doe yelled for the boy to come back because he "had something to tell him."
For this attack, Doe pleaded guilty in March, 1991, to one charge of indecent assault and battery on a child under fourteen, second offense, one charge of indecent assault and battery on a child under fourteen, and one charge of assault and battery. Doe received eighteen to twenty years for the second offense charge, with five years to be served and the balance suspended for seven years. The remaining charges were placed on file by the court.
SORB notified Doe in 2015 that it recommended he register as a level three sex offender. After a hearing on July 11, 2016, where Doe presented expert witnesses and documentary evidence, the hearing examiner lowered SORB's initial classification from level three to level two, finding that Doe posed a moderate risk of reoffending and degree of dangerousness that warranted public access to Doe's sex offender registry information.
Using the mandatory factors outlined by SORB under G. L. c. 6, § 178K, the hearing examiner found two high-risk factors applicable to Doe. Doe's separate assaults on prepubescent boys caused the examiner to apply "full aggravating weight" for Factor 2 (Repetitive and Compulsive Behavior) and "even greater aggravating weight" for Factor 3 (Adult Offender with a Child Victim). The examiner also applied a number of risk-elevating factors. Because Doe assaulted three boys, the examiner applied full aggravating weight to Factor 17 (Male Offender against Male Victim). Because Doe's second assault targeted a stranger in a wooded area, the examiner applied Factor 7 (Stranger Victim) and Factor 16 (Public Place). Because Doe's first assault involved two children he knew, the examiner applied Factor 21 (Diverse Victim Type). The examiner also found Doe's refusal to participate in sex offender treatment during incarceration applicable under Factor 24 (Less than Satisfactory Participation in Sex Offender Treatment).
The examiner also considered and moderated certain risk-elevating factors that may have been otherwise applicable to Doe. Although Doe's substance abuse record was "applicable by history," the examiner credited Doe for staying sober since 1995 and "temper[ed]" any aggravating weight of Factor 9. The examiner also applied "little to no weight" to Doe's criminal history under Factor 10, including twice failing to register as a sex offender, because the charges lacked detail and the examiner found they did not show "persistent disregard for rules, law, and the rights of others." Additionally, the examiner gave "little overall aggravating weight" to Factor 13 (Non-Compliance with Community Supervision), despite Doe's being on probation when committing the second assault, because the violation had occurred more than twenty-five years earlier.
The examiner also applied certain risk-mitigating factors. She gave Factor 29 (Offense-Free Time in the Community) full weight, since he had remained offense-free for twenty-one years at the time of the hearing. She also gave full weight to Factor 30 (Advanced Age) because he was then seventy years old. Factor 32 (Sex Offender Treatment) was given "some" weight because there was some evidence that Doe participated in outpatient treatment in 2011 and 2012. The examiner gave Factor 33 (Home Situation and Support Systems) "some weight" because the only evidence of Doe's social support came from expert testimony that was not corroborated by witnesses with actual knowledge. The examiner also applied Factor 34 (Materials Submitted by the Sex Offender Regarding Stability in the Community) because she found Doe's current circumstances to be stable.
The examiner also considered "additional" factors under 803 Code Mass. Regs. § 1.33 (2016). Under Factor 38 (Victim Impact Statement), the examiner gave "some aggravating" weight to the impact statement submitted by the victim of the second assault. The victim indicated that he "is still living with [the ramifications of the assault]" and "still has nightmares ...." Although the victim's statement opined about an appropriate classification level for Doe, the examiner explicitly gave no weight to those portions of his statement.
Under Factor 35 (Psychological or Psychiatric Profiles Indicating Risk to Reoffend), the examiner considered the testimony of Doe's expert, Dr. Laurie L. Guidry. Dr. Guidry found that Doe posed "a low risk for sexual re-offense." Dr. Guidry submitted a report alongside her testimony that included two actuarial tests, the Static-99R and the Stable-2007. In assessing Doe's expert evidence, the examiner stated that she found much of Dr. Guidry's testimony and information useful and gave Dr. Guidry's "ultimate opinion some weight, but [did] not wholly adopt it." Explaining her reasoning, the examiner noted that there were mandatory factors Dr. Guidry did not consider, including the fact that Doe offended against prepubescent child victims, had multiple victims, and one or more offenses had occurred in a public place.
Doe also submitted a number of research articles under Factor 37 (Other Information Related to the Nature of the Sexual Behavior) relating to various recidivism topics. The examiner addressed a number of the articles throughout her analysis of each factor. Because three of the articles were considered in the board's rulemaking, the examiner did not analyze them separately.
The examiner's classification of Doe as a level two sex offender was upheld by the Superior Court. On appeal, Doe argues that the board failed to properly credit Dr. Guidry's report and testimony, failed to properly credit the research articles, overemphasized the facts of past sexual offenses to the detriment of a current risk assessment, gave undue weight to his lack of participation in sex offender treatment, and gave undue weight to the victim impact statement. Doe also argues that the Superior Court used the incorrect standard of review on appeal.[2]
Discussion. The examiner's classification "must be established by clear and convincing evidence." Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 314 (2015). "[A reviewing court may] reverse or modify the ... decision only if [it] determine[s] that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law." Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 633 (2011). "In conducting our review, we 'give due weight to the experience, technical competence, and specialized knowledge' of the board." Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 615 (2010), quoting G. L. c. 30A, § 14 (7).
1. Expert opinion. Doe argues that the examiner improperly minimized Dr. Guidry's opinion because the examiner failed to recognize that Guidry's tests also consider dangerousness and incorporate SORB's regulatory factors. Doe also alleges a due process violation insofar as the examiner's refusal to fully adopt Dr. Guidry's findings denied him an individualized assessment.
In SORB cases, the examiner has no obligation to follow the expert's opinion. See Doe, Sex Offender Registry Bd. No. 10800, 459 Mass. at 637 ("The opinion of a witness testifying on behalf of a sex offender need not be accepted by the hearing examiner even where the board does not present any contrary expert testimony"). An expert's opinion on a plaintiff's risk of recidivism is just one of many factors considered by the examiner. See 803 Code Mass. Regs. § 1.33 (2016).
Upon review, we discern no error in the examiner's treatment of Dr. Guidry's opinion. Contrary to Doe's interpretation, the examiner gave credit to Guidry's testimony. The examiner found Dr. Guidry "knowledgeable" and portions of her testimony "informative." Dr. Guidry's ultimate opinion of Doe's recidivism risk was factored into the report's final determination. The report spends a full two pages discussing Dr. Guidry's findings and battery of actuarial tests, and the examiner relied solely on Guidry's interview with Doe to apply two mitigating factors.
Nonetheless, as the examiner pointed out in her report, there were substantial differences between the considerations addressed by the tests administered by Dr. Guidry and the full slate of SORB's statutory and regulatory factors. The Static-99R test failed to take into consideration Doe's repetitive and compulsive behavior targeting prepubescent children, the public location of these offenses, Doe's refusal to participate in sex offender treatment during incarceration, or the diversity in Doe's victims (e.g., the extent to which they were previously known to him). The Stable-2007 test was heavily reliant on Doe's self-reporting.[3] For the same reasons, Dr. Guidry's analysis did not reflect Doe's dangerousness, as required by G. L. c. 6, § 178K.[4]
Finally, since the examiner was well within her authority to decline to adopt Dr. Guidry's opinion, Doe's procedural due process rights and his right to an individualized determination were not violated. See Doe, Sex Offender Registry Bd. No. 3844 v. Sex Offender Registry Bd., 447 Mass. 768, 774-777 (2006).
2. Scientific articles. Next, Doe contends that the examiner did not properly consider his submitted articles on the recidivism of sexual offenders in advanced age or with significant offense-free time. This argument lacks merit, however, as the examiner gave both relevant factors, Factor 29 ("Offense-Free Time in the Community") and Factor 30 ("Advanced Age"), "full [mitigating] weight" in her level two classification. The examiner also acknowledged Doe's submission of the articles in her discussion of these factors.[5]
3. Clear and convincing evidence. Doe contends that the examiner's determination of his risk of reoffense was over-reliant on the details of his sexual offenses. Doe also contends that the examiner failed to articulate the reasons why the evidence for a level two classification were clear and convincing.
Examiners are required to consider specific factual elements of the underlying sexual offenses. See 803 Code Mass. Regs. § 1.33 (2016). We see no evidence that the examiner unduly exaggerated Doe's attacks beyond what she was required to consider, and there is ample evidence that the examiner credited Doe for factors beyond the nature of his attacks, including his offense-free time in the community, stable home life, and age.
Likewise, we find there is substantial evidence to support the examiner's determination that Doe warrants a level two classification by clear and convincing evidence. Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion" (quotation omitted). Doe, Sex Offender Registry Bd. No. 10800, 459 Mass. at 632. The examiner highlighted the fact that Doe is a "repetitive and compulsive adult sexual offender who was undeterred by prior detection, sanction and monitoring." He targeted three male children, two of whom were prepubescent, and did so in a public location. The examiner stated that the facts "implicate a realistic public safety issue," and there is substantial evidence to that end. The examiner balanced this threat with several mitigating factors, including Doe's older age, his stable, offense-free life in the community for over twenty years, and Dr. Guidry's low-risk recidivism assessment. There was no error.
4. Sex offender treatment. Doe also claims the examiner erred in giving Factor 24 (Less than Satisfactory Participation in Sex Offender Treatment) full weight because sex offender treatment was not a condition imposed on Doe at sentencing, and the application of this factor ignores Doe's illiteracy. The guidelines for this factor do not distinguish between mandatory and voluntary treatment. Instead, Factor 24 applies to "the offender who, during his most recent opportunity to participate in treatment while in custody ... refused to participate ...." 803 Code Mass. Regs. § 1.33(24)(a) (2016). The record shows that Doe was given the opportunity to participate in sex offender treatment while incarcerated, and Doe refused that opportunity. While Doe is functionally illiterate, that did not prevent Doe from engaging in outpatient sex offender treatment in 2011 and 2012. We see no error in the examiner's analysis of this factor.
5. Victim impact statement. Doe also challenges the examiner's consideration of a victim impact statement submitted by the boy pushed off his bicycle, claiming that a victim impact statement fails to predict either risk or dangerousness. General Laws c. 6, § 178K (1) (k ), mandates that the "review of any victim impact statement" be included as a factor weighed in determining a sex offender's risk of reoffense. The examiner gave the victim's statement "some aggravating weight," but there is no indication that the examiner improperly considered the impact statement of the victim beyond Doe's risk of recidivism, insofar as she did not grant the victim's request for a level three classification. There was no impropriety in the consideration of this factor.
6. Superior Court standard. Doe finally argues that the Superior Court improperly placed the burden on Doe to demonstrate the invalidity of the board's decision. Because our review is de novo, we need not address the standard of review applied by the Superior Court. However, there was no error. See Doe, Sex Offender Registry Bd. No. 10800, 459 Mass. at 632 ("The burden is on the appealing party to demonstrate the invalidity of the board's decision").
Judgment affirmed.

If other contentions made by Doe are not discussed, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

For example, Dr. Guidry's conclusion that Doe did not exhibit a preoccupation with sexuality was based solely on Doe's statement that he has "low levels of sexual motivation." Dr. Guidry also found Doe had the capacity for relationship stability because of a "long term, live-in relationship with a male peer for a 10 year period," where the only evidence was Doe's self-report to that effect.

Dr. Guidry's testimony framed the results of her assessment only in the context of Doe's recidivism risk.

As to Factor 29, the examiner noted, "The application and content of this factor is consistent with several of the Petitioner's submissions." As to Factor 30, the examiner observed, "My above finding is consistent with the submitted research and Dr. Guidry's testimony."